IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BLUE RIDGE HEALTHCARE HOSPITALS, INC. D/B/A UNC HEALTH BLUE RIDGE,<br><br>Plaintiff,<br><br>v.<br><br>HUMANA INSURANCE COMPANY and HUMANA MEDICAL PLAN, INC.,<br><br>Defendants. | Civil Case No. 1:25-cv-00172 |

**JOINT CERTIFICATE OF INITIAL ATTORNEYS' CONFERENCE AND PROPOSED DISCOVERY PLAN**

Plaintiff Blue Ridge Healthcare Hospitals, Inc. d/b/a UNC Health Blue Ridge ("Blue Ridge") and Defendants Humana Insurance Company and Humana Medical Plan, Inc. (collectively, "Humana") (together, the "Parties)—by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 26(f) and LCvR 16.1(b)—respectfully submit this Joint Certificate of Initial Attorneys' Conference and Proposed Discovery Plan.

**Prefatory Statement**

To best posture this case for resolution and preserve judicial and private party resources, the Parties have agreed to schedule an early mediation in this case

1

following the exchange of limited discovery. Accordingly, the Parties propose that Rule 26(f) mandatory initial disclosures and most discovery be deferred until after mediation takes place. In the event mediation is unsuccessful, the Parties propose submitting a joint case management statement detailing a proposed supplemental discovery plan for the Court's consideration.

## Report

1. The following persons participated in an Initial Attorneys' Conference on November 14, 2025, by Microsoft Teams conference:

- Anderson M. Shackelford, representing Blue Ridge.
- Bradley A. Roehrenbeck and Chad D. Hansen, representing Humana.

2. Initial Disclosures. The Parties propose deferring the exchange of Rule 26(a)(1) mandatory initial disclosures until after the mediation (in the event mediation is unsuccessful). The deadline for exchanging mandatory initial disclosures shall be addressed, if necessary, in a proposed supplemental discovery plan following mediation.

3. Discovery Plan. The Parties propose completing limited discovery in advance of mediation. The Parties propose the following discovery plan:

(a) Aside from exchanging (1) the contract(s) at issue, as amended, between Humana and Blue Ridge; and (2) claims data (in Excel format and as kept in the ordinary course of business) relating to Blue Ridge's

disputed claims, no further discovery shall be conducted until after mediation (in the event mediation is unsuccessful). For the avoidance of doubt, no interrogatories, requests for production of documents, or requests for admission shall be propounded before mediation concludes; no depositions shall be noticed or conducted before mediation concludes; and no experts shall be identified (or reports exchanged) before mediation concludes.

(b) To assist the parties with framing the universe of health care claim transactions at issue in this case, Blue Ridge shall produce its account spreadsheet to Humana on or before **January 30, 2026**. Humana shall produce its responsive account spreadsheet to Blue Ridge on or before **February 27, 2026**.

(c) The Parties shall mutually exchange the contract documents they contend are applicable to the dispute on or before **February 27, 2026**.

(d) Subject to the availability of the mediator, the Parties will complete mediation on or before **May 22, 2026**.

(e) In the event mediation is unsuccessful, the Parties shall confer and submit a joint case management statement providing a proposed schedule addressing the conduct of discovery. Such case management statement shall be filed with the Court on or before **June 12, 2026**.

4. Other Items:

(a) Discovery in this case may involve ESI. The Parties will address any necessary ESI protocol if and when those issues arise.

(b) The parties anticipate exchanging commercially sensitive and highly sensitive protected health information ("PHI") in this matter. The Parties will confer on this issue and will submit a proposed Qualified Protective Order to address, among other privacy concerns, Health Insurance Portability and Accountability Act ("HIPAA") restrictions on the exchange of PHI and provisions for confidential and attorneys' eyes-only protections, by **January 7, 2026**.

(c) The Parties believe it is unnecessary to meet with the Court before a scheduling order is entered unless the Court needs any additional explanation regarding the proposed discovery plan.

Dated: December 5, 2025

| K&L GATES LLP | KILPATRICK TOWNSEND & STOCKTON LLP |
|---|---|
| /s/ Anderson M. Shackelford<br>Gary S. Qualls<br>N.C. State Bar No. 16798<br>gary.qualls@klgates.com<br>Nate A. Huff<br>N.C. State Bar No. 40626<br>nate.huff@klgates.com<br>Anderson M. Shackelford<br>N.C. State Bar No. 49510 | /s/ Bradley A. Roehrenbeck (with permission)<br>Chad D. Hansen<br>N.C. State Bar No. 32713<br>chadhansen@ktslaw.com<br>Bradley A. Roehrenbeck<br>N.C. State Bar No. 34180<br>broehrenbeck@ktslaw.com |

anderson.shackelford@klgates.com  1001 West Fourth Street
430 Davis Drive  Winston-Salem, NC 27101
Morrisville, NC 27560  Telephone: (336) 607-7308
Telephone: (919) 466-1195  Facsimile: (336) 734-2616
Facsimile: (919) 516-2072

*Counsel for Defendants*

*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that, pursuant to Fed. R. Civ. P. 5(b)(2)(E), the undersigned served a copy of the foregoing document by filing the same with the court's electronic-filing system, which will electronically transmit a copy to all attorneys of record.

Dated: December 5, 2025

**K&L GATES LLP**

*/s/ Anderson M. Shackelford*
Gary S. Qualls
N.C. State Bar No. 16798
gary.qualls@klgates.com
Nate A. Huff
N.C. State Bar No. 40626
nate.huff@klgates.com
Anderson M. Shackelford
N.C. State Bar No. 49510
anderson.shackelford@klgates.com
430 Davis Drive
Morrisville, NC 27560
Telephone: (919) 466-1195
Facsimile: (919) 516-2072

*Counsel for Plaintiff*